UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANITA STRADLEY,<br><br>        Petitioner<br>vs.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration,<br><br>        Respondent. | Case No. 1:16-cv-00423-EJL-CWD<br><br><br><br>**ORDER** |

## INTRODUCTION

On October 30, 2017, Chief United States Magistrate Judge Candy W. Dale issued a Report and Recommendation ("Report"), recommending that the Petition for Review be granted and this matter be remanded. (Dkt. 19.) Any party may challenge the Magistrate Judge's proposed recommendation by filing written objections within fourteen days after being served with a copy of the Report. 28 U.S.C. § 636(b)(1)(C). In this case, the parties did not file written objections and the matter is ripe for this Court's consideration. Fed. R. Civ. P. 72; Local Civ. R. 73.1. As explained more fully below, the Court has reviewed the record and the Report and, finding no clear error, adopts the Report in its entirety.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, the Court "shall make a de

novo determination of those portions of the report which objection is made." *Id*. Where, however, no objections are filed the Court need not conduct a *de novo* review. To the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived it they are not filed within fourteen days of service of the Report and Recommendation). "When no timely objection is filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

## DISCUSSION

The factual and procedural background of this case are correctly stated in the Report and this Court adopts the same. (Dkt. 19.) On April 5, 2013, Petitioner filed a Title II application for a period of disability and disability insurance benefits and a Title XVI application for supplemental security income. Petitioner's applications were denied upon filing and reconsideration.

On February 13, 2015, Petitioner and a vocational expert testified before Administrative Law Judge (ALJ) Luke Brennan. On March 30, 2015 ALJ Brennan issued a decision finding Petitioner was not disabled.

On July 18, 2016, the Appeals Council denied Petitioner's timely requested review. Petitioner filed an appeal of the final decision to this Court. The matter was assigned to United States Magistrate Judge Candy W. Dale, whom issued a Report and Recommendation on October 30, 2017. (Dkt. 1.)

The Report concluded that the ALJ erred in reconciling the various medical opinions. The Report summarized that the ALJ assigned partial weight to the opinions of Dr. Laitinen and Jon Perry PA-C's, the Petitioner's treating medical professionals at the Nampa Medical Center; assigned partial weight to statements of Drs. Vestal and Song, the state agency medical consultants; and assigned great weight to the opinion of Dr. Casper, a consultative examiner. The Report concluded the ALJ erred by providing little in the way of specific, clear and convincing reasons in support of the probative weight given to each of the medical opinions. (Dkt. 19.)

The United States Court of Appeals for the Ninth Circuit Court distinguishes among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians; and (3) those who neither examine nor treat the claimant (nonexamining physicians). *Lester v. Chatter*, 81 F.3d 821, 830 (9th Cir. 1995). Generally, more weight is accorded to the opinion of a treating source than to a nontreating physician. *Winans v. Bowen,* 853 F.2d 643, 647 (9th Cir. 1987). If the treating physician's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991). If the treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject the treating physician's opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record for so doing. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). In turn, an examining physician's opinion is entitled to greater weight than the

opinion of a nonexamining physician. *Pitzer v. Sullivan,* 908 F.2d 502, 506 (9th Cir. 1990); *Gallant v. Heckler*, 753 F.2d 1450 (9th Cir. 1984).

The Court has conducted a review of the entire Report as well as the record in this matter for clear error. The Court agrees with the findings and conclusions of the Magistrate Judge.

Specifically, the Court agrees with the Magistrate Judge's conclusion that the ALJ did not satisfy the "substantial evidence" requirement in assigning "partial weight" to Dr. Laitinen and Jon Perry PA-C's opinions. The Magistrate Judge concluded that the ALJ did not set out a thorough summary of conflicting clinical evidence, but rather provided a one paragraph summary of the medical evidence that directly contradicted the Nampa Medical Center's records. Similarly, the Magistrate Judge concluded that the ALJ erred in giving Jon Perry PA-C's opinions only "partial weight" despite finding that his RFC assessment was consistent with Dr. Laitinen's RFC assessment.

The Court also agrees with the Magistrate Judge's findings and conclusions concerning Dr. Casper's opinion. The ALJ assigned "great weight" to Dr. Casper's opinion as it was "consistent with the record as a whole." However, the Magistrate Judge found that the ALJ made this determination without providing specific or legitimate reasons as to why his opinion was more persuasive than the other medical providers, cited to no medical records that would support his conclusion, and simply used boilerplate language that fails to offer a substantive basis for his conclusion. Additionally, the Magistrate Judge found the ALJ significantly erred when, despite giving Dr. Casper's

opinion "great weight", he deviated from Dr. Casper's recommendations as to Petitioner's lifting and carrying restrictions without explanation.

Finally, the Court agrees with the Magistrate Judge's finding and conclusions pertaining to Drs. Vestal and Song, who's opinions the ALJ assigned only "partial weight" because they were "somewhat inconsistent" with the medical records. The Magistrate Judge concluded that the ALJ made conclusory statements that Drs. Vestal and Song's opinions were inconsistent with the Petitioner's treatment history without any discussion. The Magistrate Judge concluded that it could not reconcile the ALJ's decision to reject Drs. Vestal and Song's opinions on the Petitioner's manipulative limitations, which were consistent with Dr. Casper's opinion while affording Dr. Casper's opinion "great weight." The Court agrees.

As such, the Court is remanding the action to the Commissioner for further proceedings consistent with this Opinion and the Magistrate Judge's Report.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Report and Recommendation entered on October 30, 2017 (Dkt. 19) is **ADOPTED IN ITS ENTIRETY** and the Court orders as follows:

1) Petitioner's Petition for Review (Dkt. 1) is **GRANTED**;

2) This action is **REMANDED** to the Commissioner for further proceedings consistent with this Order and the Report;

3) The Remand should be considered a "sentence four remand" consistent with 42 U.S.C. § 405(g) and *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002); and

4) A Judgment will be entered consistent with the above in favor of Petitioner.

DATED: November 16, 2017

Edward J. Lodge
United States District Judge